

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

May 5, 2008

**FILED**

**JUN - 9 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Michael Worthy, Esquire
Williams Worthy, LLP
5400 Kenilworth Avenue
Riverdale, MD 20737

        Re:      Plea agreement with Sabrina F. Vines

CR 08-136 (CKK)

Dear Mr. Worthy:

      This letter sets forth the full and complete plea offer to your client, Sabrina F. Vines, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter referred to as "the Government"). This plea offer will expire on May 12, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**1)**    **Charges and Statutory Penalties**

      Your client agrees to waive indictment and to plead guilty to a one-count Information charging her with a violation of 18 U.S.C. § 641 (Theft of public money).

      Your client understands that the maximum sentence that can be imposed for the violation charged in the Information is ten years of imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), a $100 special assessment, a three-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely paid.

      In consideration of your client's plea to the above offense, subject to other paragraphs in this agreement, your client will not be further prosecuted criminally for the conduct set forth in the attached Statement of the Offense. This agreement not to prosecute Ms. Vines does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the Government has no evidence, as of the date of this agreement, of

any crimes of violence involving Ms. Vines.

2) **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please execute the Statement of Offense and return it to me with original signatures. Your client's signature on the Statement of Offense indicates that she adopts it and it will become the written proffer of evidence in this case for the purpose of the plea hearing.

3) **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006)("U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A. **Offense Level under the Guidelines**

The applicable Guideline is § 2B1.1 (Theft).

The following is a correct calculation of all relevant Sentencing Guidelines factors:

§ 2B1.1 (Theft)

|  | (a) | Base Offense Level |  | 6 |
|---|---|---|---|---|

Specific Offense Characteristics:

|  | (b)(1) | Loss amount exceeded $10,000 but less than $30,000 |  | 4 |
|---|---|---|---|---|
| **SUBTOTAL** |  |  |  | **10** |

No other specific offense characteristics or cross-references apply.

Acceptance of Responsibility: 2-point reduction: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

2

In accordance with the above, the applicable Guidelines Offense Level is 8.

### B.   Criminal History Category

Based upon the information now available to the government (including representations by the defense), your client has no prior criminal convictions.

In accordance with the above, your client's Criminal History Category is I.

### C.   Applicable Guideline Range

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is zero to six months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level 8, pursuant to U.S.S.G. § 5E1.2, the applicable fine range is $1,000 to $10,000.

### D.   Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

With respect to incarceration, the government agrees not to oppose a sentence at the low end of the Sentencing Guidelines range determined by the Court. With respect to a fine, the government agrees to seek a fine within the Sentencing Guidelines range. In all other respects, except as otherwise provided in this Agreement, the government reserves its full right of allocution. Except as otherwise provided in this Agreement, your client reserves her full right of allocution.

Nothing in this Agreement limits the right of the parties to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### 4)   Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and

11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 5) Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### 6) Forfeiture

Your client agrees to forfeit all interests in assets that your client currently owns, has previously owned or over which your client currently, or has in the past, exercised control, directly or indirectly, and any property your client has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of your client's offense, including, but not limited to, the following specific property:

> Samsung HDTV
> Model HLN436SWX/XAA
> Serial No. 3IEWC00166W

Your client warrants that she purchased the property listed above with government funds, was the sole owner/possessor of this property and, on March 11, 2008, voluntarily surrendered this property to federal agents. Further, your client agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise

your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct.

7)     **Restitution**

In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to make restitution in the amount of $23,579.18 to the United States government. The government agrees that restitution amount may be offset by application of the proceeds of the sale of the asset(s) listed in paragraph six, above. Your client understands and agrees that the Court will likely impose a payment schedule for restitution and agrees to pay no less than $670.00 per month until the entire amount is paid in full.

8)     **Appeal Waiver**

It is agreed (I) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

9)     **Release/Detention**

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct or otherwise violate the conditions of release prior to sentencing, however, the Government may move to change your client's conditions of release.

10)    **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes,

including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## 11) Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## 12) Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all rights your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence

in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

13) **Agreement not to prosecute Douglas Vines**

If your client enters a guilty plea as set forth herein, and is sentenced by the Court, the government agrees not to prosecute your client's husband, Douglas Vines, for his role in the offense as set forth in the Statement of Offense.

14) **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to Assistant United States Attorney Thomas Hibarger once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_Jeffrey A Taylor / HJS_
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_[signature]_
Thomas J. Hibarger
D.C. Bar Number 413224
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W., Room 5837
Washington, DC 20530
(202) 514-7385

DEFENDANT'S ACCEPTANCE

I have read this eight-page (including this page) Plea Agreement and have discussed it with my attorney, Michael Worthy, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 5/6/08

Sabrina F. Vines
Defendant

ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 5/6/08

Michael Worthy, Esquire
Attorney for the Defendant