UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case Number: 1:08-cr-136 (CKK) |
| v. | : |  |
| SABRINA F. VINES | : |  |

### Government's Notice of Restitution

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following Notice of Restitution.

### Background

1. On May 6, 2008, the defendant and her counsel signed a plea agreement with the United States in which the defendant agreed, in relevant part, to plead guilty to one count of Theft of Public Money in violation of Title 18, United States Code, Section 641, and to make restitution in the amount of $23,579.18 to the United States Government. The defendant and her counsel contemporaneously signed and agreed to the Statement of Offense. The plea agreement and statement of offense, filed with the court, are incorporated by reference herein.

2. On June 9, 2008, the defendant appeared before this Court and entered a plea of guilty to the one-count information charging a felony violation of Title 18, United States Code, Section 641.

3. During the course of the plea proceeding, counsel for the defendant raised an issue concerning the Strength-n-The-Net transactions, specifically, whether the government had marshaled sufficient evidence to prove beyond a reasonable doubt that the $14,653.62 which defendant Sabrina Vines received in kickbacks from Vance Oldes was, in fact, money belonging to the United States.

4. Following a discussion with the parties on this issue, the Court concluded[1] that: (1) there was not sufficient evidence in the record to conclude beyond a reasonable doubt that the $14,653.62 in kickback money was money belonging to the United States within the meaning of 18 U.S.C. §641; (2) there was other sufficient evidence to support the guilty plea; (3) the $14,653.62 in kickbacks would likely be considered relevant conduct under the United States Sentencing Guidelines (U.S.S.G.); and (4) that there was an open question as to whether the Court could order restitution of the $14,652.62 at issue.

5. Based on the foregoing, the parties amended a sentence paragraph 7 of the plea agreement which stated:

> Your client agrees to make restitution in the amount of $23,579.18 to the United States government.

The amendment to this sentenced added the words "up to" and struck the word "in" after the word "restitution". The amended sentence now reads:

> Your client agrees to make restitution up to the amount of $23,579.18 to the United States government.

6. The Court ordered the government to file a notice regarding restitution by July 10, 2008, and ordered the defense to file any response by July 17, 2008.

### Relevant Statutes

7. 18 U.S.C. § 3556, provides in pertinent part that "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663."

8. The Mandatory Victims Restitution Act of 1996 ("MVRA"), codified at 18 U.S.C. § 3663A,

---

[1] This is based on the undersigned counsel's recollection of the proceeding.

provides that, when a defendant has been convicted of any of a list of specified offenses, including "any offense committed by fraud or deceit," the sentencing court "shall order ... that the defendant make restitution to the victim of the offense."

9. The Victim and Witness Protection Act ("VWPA"), codified at 18 U.S.C. § 3663, provides that, in cases where the MVRA does not apply, the court "may order" a defendant convicted of an offense to "make restitution to any victim of such offense."  18 U.S.C. § 3663(a)(3) also states that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

### Discussion

10.  Restitution in this case is governed initially by the MVRA, 18 U.S.C. § 3663A, in that the defendant has pled guilty to an offense "committed by fraud or deceit", 18 U.S.C. § 3663A (c)(1)(A)(ii), and an "identifiable victim", i.e., the United States, has "suffered a ... pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B).  Ordinarily, "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." Hughey v. United States, 495 U.S. 411, 420 (1990). In response to Hughey, however, Congress amended the statutory scheme and, among other changes, enacted 18 U.S.C. § 3663 (a)(3).  As Judge Leon explained in United States v. Anderson, 491 F.Supp.2d 1(D.D.C. 2007):

> Under Section 3663(a)(3), a defendant now expressly may agree as part of a plea agreement, for example, to pay restitution for losses that are not related to the counts of conviction. *See United States v. Silkowski* 32 F.3d 682, 689 (2d Cir.1994); *United States v. Thompson*, 39 F.3d 1103, 1105 (10th Cir.1994); *United States v. Soderling*, 970 F.2d 529, 533 (9th Cir.1992). The defendant also may agree to pay restitution for losses related to offenses that are not specifically enumerated in the VWPA or the MVRA .... *See United States v. Guthrie*, 64 F.3d at 1514; *United States v. Soderling*, 970 F.2d at 534. Under Section 3663(a)(3), she or he may agree to a specific dollar amount of restitution, without any factfinding being undertaken or facts being found by

the sentencing court (or post-*Booker,* perhaps by a jury). *See United States v. Wells*, 177 F.3d at 608-09; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir.1995); *compare United States v. Stout,* 32 F.3d 901, 904-05 (5th Cir.1994) (where defendant never promised in plea agreement to pay particular amount of restitution, Section 3663(a)(3) does not authorize restitution).

11.  Here, the defendant expressly agreed as part of the plea agreement to "make restitution up to the amount of $23,579.18 to the United States government." The government agreed that the restitution amount may be offset by the proceeds of the sale of the Samsung HDTV which the defendant voluntarily surrendered to federal agents. Thus, the Court is authorized by Title 18, United States Code, § 3663(a)(3) to order restitution in the amount of $23,579.18.

## Conclusion

12.  For the reasons set forth herein and for such reasons as may be set forth in the government's sentencing memorandum, the government submits that restitution in the amount of $8925.56 is mandatory under 18 U.S.C. §3663A, and that the court is authorized to order, and should order, restitution in the amount of $23,579.18, pursuant to 18 U.S.C. § 3663(c)(3) and the plea agreement.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


                    /s/
THOMAS J. HIBARGER
Assistant United States Attorney
D. C. Bar Number 413224
555 4th Street, N.W.,
Washington, D.C.  20530
(202) 514-7385
Thomas.J.Hibarger@usdoj.gov

**Certificate of Service**

      **I HEREBY** certify that a copy of the foregoing was served electronically on counsel for the defendant via electronic case filing (ECF).

/s/
THOMAS J. HIBARGER
Assistant United States Attorney
D. C. Bar Number 413224
555 4th Street, N.W.,
Washington, D.C.  20530
(202) 514-7385
Thomas.J.Hibarger@usdoj.gov
