**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **Case No.:1:08-CR-259 (CKK)** |
| ) | |
| SABRINA F. VINES ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF RESTITUTION**

      COMES NOW, Defendant Sabrina Vines, by and through her attorneys Denise L. Bellamy, Esquire and Williams Worthy, LLP, and hereby responds to the Government's notice of restitution and respectfully states the following:

      1.     As stated in the Government's Notice of Restitution, during the course of the plea proceedings on June 9, 2008, Defendant requested that the Government make an additional proffer of evidence to support their allegations that Defendant had deprived the Federal Aviation Administration ("FAA") of $14,653.62 in connection with a Strength-n-The-Net transaction that was listed in the Statement of Offense.

      2.     Defendant admitted, to which the Government confirmed, that she purchased equipment in the amount of $94,047.39 using a credit card issued by the FAA. The Government confirmed that the FAA did in fact receive equipment.

      3.     Defendant then received $14,653.62 in kickbacks from third-party, Vance Oldes.

      4.     The issue that the Defendant raised was whether the kickback money originated from the FAA and requested that the Government make a proffer that the kickback money had indeed been derived from FAA funds.

5.  The Government was given an opportunity at the plea proceedings to consult with the FBI agents who were present and, ultimately, the Government was unable to proffer evidence to the satisfaction of the Court that the money was derived from the FAA and that restitution in the amount of $14,653.62 should be ordered.

6.  Through the Government's own admission at the plea proceedings, the FAA kept inadequate accounting of records and as a result, they were unable to ascertain exactly what equipment was purchased, what equipment was received. The FAA's inadequate bookkeeping, while no fault of the Government, further confirms that the Government simply was unable to prove restitution.

7.  The Government, pursuant to the Court's Order, filed a Notice of Restitution and the Defendant responds herein.

8.  After reviewing the Government's Notice of Restitution, it is clear that this issue remains in the exact same posture it was in at the plea proceedings. They have submitted no evidence to support restitution in the amount of $14,653.62.

9.  The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the Government. (18 U.S.C. § 3664(e)). The Government has failed to meet its burden.

10.  While the Government's recitation of <u>Hughey</u> and <u>Anderson</u> regarding restitution is sound, the Government has not overcome their burden and the question *still* remains as to the source of the kickback money.

11.  It is the Defendant's position that the Government arbitrarily arrived at $14,653.62 this number by simply adding up the kickback checks without proof of source. The checks were issued directly to the Defendant from Mr. Oldes and therefore,

the possibility that this money originated in his own bank account cannot be ignored. Notwithstanding, it is still the Government's burden to prove otherwise.

12. Had the kickback checks amounted to $200.00 or even $50,000, then the Government again, would arbitrarily make the representation that the FAA had been deprived of $200.00 or $50,000.00 without any proof of source.

13. It is undisputed that the Defendant received kickbacks. In fact, this Court, at the plea proceedings concluded that this can be considered relevant conduct. However, the *receiving* of the kickback money is not at issue; the *source* of the kickback money is at issue and the burden is on the Government to prove that the money *belonged* to the FAA, which is an element of the offense in which restitution can be ordered once proven. (The Government must prove at sentencing that its proposed restitution figure is supported by a preponderance of the evidence. 18 U.S.C. § 3664(e))

14. The Government has not proffered any evidence to support restitution in the amount of $14,653.62 and therefore, it should not be ordered. Defendant will not belabor the point any further.

15. For the reasons set forth herein, including the reasons that may be set forth in the Defendant's Sentencing Memorandum, Defendant requests that restitution in the amount of $14,653.62 not be ordered.

Respectfully Submitted,
**WILLIAMS WORTHY, LLP**

*/s/*_____
Denise L. Bellamy, Bar #MD16993
5400 Kenilworth Avenue
Riverdale, MD  20737
(301) 887-9000
*Attorney for Defendant Sabrina F. Vines*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of July 2008, a copy of Defendant's Response to Government's Notice of Restitution was electronically filed with notice and copies to:

Thomas J. Hibarger, Esquire
Assistant United States Attorney
Fraud and Public Corruption
555 Fourth St., N.W.
Washington, DC 20530

/s/ _____
DENISE L. BELLAMY