UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No.: 1:08-136-01 (CKK) |
| v. | : | Sentencing:  October 7, 2008 |
| **SABRINA F. VINES,** | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing of defendant Sabrina F. Vines.

### I.  INTRODUCTION

As an employee of the Federal Aviation Administration ("FAA"), part of the United States Department of Transportation, the defendant was entrusted with a government credit card for use in making authorized purchases for her agency.  The defendant committed theft of public by making personal purchases in the amount of $8,925.56 using her government credit card, for which the government paid the bill.  She also received kickbacks from a vendor in the amount of $14,653.62 for transactions charged to her government credit card.  In addition to a sentence at the low end of the applicable guideline range, which the government agreed to as part of the plea agreement, the United States submits that the Court should order restitution in the amount of $8,925.56 to the FAA, and a fine in the amount of $10,000.

**II.     FACTUAL BACKGROUND**

Between August 28, 2003 and August 13, 2004, the defendant made unauthorized purchases on her government credit card in the amount of $8,925.56. In addition, between July 23, 2003 and August 31, 2004, the defendant used her government credit card to make purchases from Strength-N-The-Net in amount of $94,047.39 and, between November 6, 2003 and February 27, 2004, received kickbacks from the owner of Strength-N-The-Net in the amount of $14,653.62. The details of these transactions are set forth in the Statement of Offense filed in this case, which is hereby incorporated by reference. On June 9, 2008, the defendant pled guilty to Theft of Public Money in violation of Title 18, United States Code, Section 641.

**III.    UNITED STATES SENTENCING GUIDELINES**

In the plea agreement, the parties agreed that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006)("U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulated to the following:

**A.    Offense Level under the Guidelines**

The applicable Guideline is § 2B1.1 (Theft). The following is a correct calculation of all relevant Sentencing Guidelines factors:

    2B1.1  (Theft)

|  |  |  |
|---|---|---|
| (a)(1) | Base Offense Level | 6 |
|  | Specific Offense Characteristics |  |
| (b)(1) | Loss amount exceeded $10,000 but less than $30,000 | 4 |
| SUBTOTAL |  | 10 |

No other specific offense characteristics or cross-references apply.

    **B.**    **Acceptance of Responsibility: 2-point reduction**

The government agreed, assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the above, the parties agreed that the applicable Guidelines Offense Level is 8.

    **C.**    **Criminal History Category**

Based upon the information now available to the government (including representations by the defense), it is our belief that the defendant has no prior criminal convictions. Thus, the defendant's Criminal History Category is I.

    **D.**    **Applicable Guideline Range**

Based upon the calculations set forth above, the parties agreed to a stipulated Sentencing Guidelines range of zero to six months (the "Stipulated Guidelines Range"). In addition, the parties agreed that should the Court impose a fine, at Guidelines level 8, pursuant to U.S.S.G. §

5E1.2 , the applicable fine range is $1,000 to $10,000.

      E.    **Sentencing Allocution**

The parties agreed that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). Moreover, the government agreed not to oppose a sentence at the low end of the Sentencing Guidelines Range determined by the Court, and agreed to seek a fine within the Sentencing Guidelines Range.

**IV.    RECOMMENDATIONS**

The government submits that, considering the nature and circumstances of the offense, and taking into account the history and characteristics of the defendant, a sentence in the Stipulated Guidelines Range, is a reasonable and appropriate sentence in this case. Assuming the defendant seeks a sentence at the low end of the Sentencing Guideline Range, the government does not oppose such a sentence. The Probation Office has taken the position that the kickbacks from Strength-N-The-Net are not subject to the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A. As set forth in its Notice of Restitution and Reply to the Defendant's Response to Government's Notice of Restitution, incorporated herein by reference, we believe that the Court can order restitution for this amount as well inasmuch as the defendant agreed to make restitution in an amount up to $23,579.18. However, if the Court does not order restitution for the Strength-N-The-Net kickbacks, the government requests that the Court impose a fine in the amount of $10,000. In addition to the theft of $8,925.56, the defendant was unjustly enriched in the amount of $14,653.62 in the form of kickbacks. The disgorgement of a portion of this, in the form of a fine in the amount of $10,000, is necessary to promote respect for the law, to reflect the

seriousness of the offense, to afford adequate deterrence to such criminal conduct in the future and as just punishment for the offense. It would seem unconscionable for the defendant not to pay such a fine, while continuing to drive a 2004 Lincoln Navigator which she purchased for $42,000 in cash in August, 2005, and vacationing in a timeshare in Florida purchased in April, 2008 for $15,917.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        FOR THE DISTRICT OF COLUMBIA

By:     /s/
        THOMAS J. HIBARGER
        Assistant United States Attorney
        Bar Number 413224
        United States Attorney's Office
        555 4th Street, N.W., Room 5237
        Washington, D.C. 20530
        (202) 514-7385
        Thomas.J.Hibarger@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I served a copy of the foregoing via ECF on counsel for defendant, Denise Bellamy, Esq., on this 5th day of September, 2008.

        /s/
        Thomas J. Hibarger
        Assistant United States Attorney